IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL WATERS,

      Plaintiff,                       No. CIV S-05-0808 DFL KJM P

    vs.

TERESA SCHWARTZ,

      Defendant.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $ 0.74 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
2  account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).
3          The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
5  § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
8  U.S.C. § 1915A(b)(1),(2).
9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989); Franklin, 745 F.2d at 1227.
16          A complaint, or portion thereof, should only be dismissed for failure to state a
17  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
19  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
20  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
21  complaint under this standard, the court must accept as true the allegations of the complaint in
22  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
23  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
24  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25  /////
26

Plaintiff alleges his bipolar disorder was not adequately considered during the proceedings on a rules violation, which ultimately led to the forfeiture of 360 days of conduct credit. See, e.g., Compl., Ex. A. It is not entirely clear from the somewhat rambling pleading whether he is also challenging the failure to provide treatment adequate to keep his mental illness in check.

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In Edwards v. Balisok, 520 U.S. 641, 643 (1997), the Court ruled Heck applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . ." Accordingly, to the extent plaintiff challenges loss of his good time credit, he is barred from proceeding in this civil rights action. This claim should not be included in any amended complaint unless plaintiff can show the disciplinary finding has been overturned or vacated.

A failure to treat a prisoner's mental illness may violate the Eighth Amendment if failure to act rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 105 (1975); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere

3

with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir.1992), <u>overruled in part on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997). Although plaintiff mentions adjustment of his medication levels, it is not clear whether he is alleging a separate Eighth Amendment violation. He will be given an opportunity to amend this portion of his complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

1  Plaintiff is assessed an initial partial filing fee of $0.74.  All fees shall be collected and paid in
2  accordance with this court's order to the Director of the California Department of Corrections
3  filed concurrently herewith.
4            3.  Plaintiff's complaint is dismissed.
5            4.  Plaintiff is granted thirty days from the date of service of this order to file an
6  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
7  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
8  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
9  an original and two copies of the amended complaint; failure to file an amended complaint in
10 accordance with this order will result in a recommendation that this action be dismissed.
11 DATED:  December 6, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
wate0808.14