IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LYNN WATERS,

    Plaintiff,

vs.

TERESA A. SCHWARTZ, et al.,

    Defendants.

                                 /

No. CIV S-05-0808 DFL KJM P

ORDER AND

FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prison inmate proceeding with a civil rights action under 42 U.S.C. § 1983. On December 7, 2005, this court dismissed plaintiff's complaint and gave him leave to file an amended complaint. On January 11, 2006, plaintiff filed his amended complaint. As with the original complaint, this court must screen the amended complaint. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        As previously noted, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous

1 where it is based on an indisputably meritless legal theory or where the factual contentions are
2 clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim,
3 however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885
4 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

5       A complaint, or portion thereof, should only be dismissed for failure to state a
6 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
7 of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King &
8 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
9 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing
10 a complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14       The heart of plaintiff's complaint is that his mental health was not taken into
15 account during a disciplinary hearing for possessing a weapon. He alleges that defendant
16 Schwartz, the warden, failed to review his rules violation and thus failed to determine that his
17 mental health issues should have played a part in the determination. Defendant Frank, a social
18 worker, was not competent to evaluate the impact of plaintiff's mental health on the disciplinary
19 proceedings, but nevertheless told the committee that plaintiff's mental health played no role in
20 his possessing a weapon. Plaintiff also claims that defendant Davis, one of the hearing officers
21 for the rules violation report, should have sought a mental evaluation from a psychiatrist.
22 /////
23 /////
24 /////
25 /////
26 /////

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

In <u>Edwards v. Balisok</u>, 520 U.S. 641, 643 (1997), the Court ruled <u>Heck</u> applied to actions "challenging the validity of the procedures used to deprive an inmate of good-time credits. . . ." A civil rights action challenging hearing procedures may be maintained if the result of the "disciplinary hearing or administrative sanction does not affect the overall length of the prisoner's confinement." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858 (9th Cir. 2003), <u>cert. denied sub nom</u>. <u>McEnroe v. Ramirez</u>, 541 U.S. 1063 (2004). In this case, however, plaintiff lost 360 days of good time credit as a result of the disciplinary adjudication; a showing that the procedures were unfair would suggest the invalidity of that determination. Accordingly, plaintiff may not bring this civil rights action until a court has found the disciplinary hearing to have been unfair.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

1  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In light of this court's

2  recommendation, it does not find the required exceptional circumstances.  Plaintiff's January 11,

3  2006 motion for the appointment of counsel will therefore be denied.

4        IT IS HEREBY ORDERED that plaintiff's January 11, 2006 motion for the

5  appointment of counsel be denied.

6        IT IS HEREBY RECOMMENDED that this action be dismissed without

7  prejudice.

8        These findings and recommendations are submitted to the United States District

9  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

10 days after being served with these findings and recommendations, plaintiff may file written

11 objections with the court.  The document should be captioned "Objections to Magistrate Judge's

12 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

13 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

14 F.2d 1153 (9th Cir. 1991).

15 DATED:  May 30, 2006.

                                                   UNITED STATES MAGISTRATE JUDGE

23   2
   wate0808.56